IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HUGH P. RUFFING, | ) | Case No. 1:08-cv-01264 |
| | ) | |
| Plaintiff, | ) | Judge Kathleen M. O'Malley |
| | ) | |
| v. | ) | **AGREED PROTECTIVE ORDER** |
| | ) | |
| MASTERBUILT TOOL & DIE, | ) | |
| LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pursuant to the agreement between and among Plaintiff Hugh P. Ruffing ("Plaintiff") and Defendants Masterbuilt Tool & Die, LLC ("Masterbuilt"), Red Rock Stamping, LLC ("Red Rock"), and Hawthorn Manufacturing Corporation ("Hawthorn") (collectively the "Parties"), the Court orders that the following shall govern the production, use, handling, and/or return of documents, discovery responses, depositions, deposition exhibits, and other written, recorded, or graphic material given or produced by the Parties and shall also govern the use, handling, and/or return of the information contained in such materials.

1.     In connection with discovery and other pre-trial proceedings in the above-captioned lawsuit (the "Litigation"), any Party may designate a document, thing, material, testimony, or other information derived therefrom as "Confidential" under the terms of this Protective Order. To qualify for a "Confidential" designation, the information or document must be nonpublic, sensitive, and proprietary to the producing Party or another party with whom it does business, such as business plans, personnel files, salary, benefits, purchase and sales agreements (and information designated in those agreements as confidential), and any other such similar information.

2.    The designation of any discovery material, testimony, or other information as "Confidential" is subject to review by this Court upon motion by a non-designating Party.  Such motion shall be made only after good faith consultation with the designating Party.

3.    Confidential material shall be used only for the purposes of the Litigation and shall not be used for other business or commercial purpose.

4.    The designation of discovery material as "Confidential" for the purposes of this Litigation shall be made in the following manner:

a.    In the case of tangible things, by written notice, sent to the requesting Party's counsel upon disclosure or production or as soon thereafter as is reasonable in the event of an inadvertent disclosure without proper designation. In the event of designation within a reasonable time after inadvertent disclosure, such subsequent designation shall only apply prospectively from when the designation is made, the tangible item may only be designated "Confidential" and the designation does not apply to tangible things that have already been disseminated to third parties or filed with the Court prior to any such notice by the disclosing Party;

b.    In the case of documents and other materials, by affixing the legend "Confidential" to each page containing any Confidential material; and

c.    In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent to the counsel for the Parties within twenty (20) days after receiving a complete and final certified copy of the transcript thereof; and in both of the foregoing instances, by identifying the particular pages and lines of the transcript containing the Confidential material only those sections of the transcript designated as Confidential in the Litigation

shall be deemed Confidential, and the remainder of the transcript shall not be treated as such.

5.    A Party to this Agreed Protective Order who receives or possesses Confidential material may disclose, summarize, describe, capture or otherwise communicate or make available in whole or in part such Confidential material, and any information derived therefrom, to the following persons:

      a.    The Parties, outside or inside counsel who represent the Parties in the Litigation, and regular and temporary employees of those counsel assisting in the Litigation, for use in accordance with this Protective Order;

      b.    The person or person who authored the Confidential material;

      c.    Testifying or consulting experts assisting the parties or their counsel;

      d.    Witnesses or deponents, and their counsel, only to the extent necessary in the course of discovery, preparations for depositions or testimony in the litigation; and

      e.    The Court, pursuant to paragraph 8 of this Protective Order, its officers, and court reporters employed in connection with the Litigation.

6.    At the request of any Party, any person who is not authorized to receive Confidential material, or information derived therefrom may be excluded from trial during the use of such information.

7.    Every person given access to the Confidential material, or information or testimony derived therefrom pursuant to this Protective Order, shall be advised by the person providing access that the material or information is being disclosed pursuant to and subject to the terms of this Protective Order and may not be handled, disseminated, filed or otherwise disclosed other than pursuant to the terms herein. All persons listed in paragraphs 5(c) and 5(d), above,

3

who are given access pursuant to this Protective Order to Confidential material or information derived therefrom, shall first be required to confirm their understanding and agreement to abide by the terms of this Protective Order by signing a copy of Exhibit A, provided that non-party witnesses to whom Confidential material is first disclosed at a deposition need not be required to sign a copy of Exhibit A in order to be bound by the terms hereof. Counsel shall keep in safeguard, during the pendency of the Litigation, any copies of Exhibit A that counsel shall cause to be executed. Such executed documents may be disclosed only upon order of the Court.

8.    In the event that counsel for any Party files with this Court any Confidential material, information or testimony derived therefrom, or any papers containing, discussing or disclosing such material or information, such documents shall be filed under seal in accordance with the Court's procedures for filing documents under seal.

9.    The act of producing or receiving Confidential material, or entering into, or agreeing to, or otherwise complying with the terms of this Protective Order, shall not:

a.    Operate as an admission that any particular Confidential material contains or reflects any type of confidential information;

b.    Preclude a Party from seeking additional protection for discovery materials than that accorded herein;

c.    Prejudice in any way any Party's rights to object to the production of documents it considers not subject to discovery;

d.    Prevent the Parties to this Protective Order from agreeing to alter or waive the provisions of protection provided herein with respect to any particular discovery material; or

4

e.      Prevent a Party from objecting to designation of information as "Confidential" or seeking a court order modifying the designation.

10.     For documents or tangible things that are inadvertently produced without any designation of confidentiality, and for all documents and materials already produced in this action, the producing party may nevertheless thereafter assert the confidentiality of the documents or material and the parties shall thereafter treat the documents or material as Confidential material.

11.     This Order shall survive the final termination of this Litigation, to the extent that the designated documents and the information contained in the Confidential material is not made or does not become known to the public.  The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Within forty-five (45) days after receiving notice of an entry of an order, judgment, decree, or agreement finally disposing of the Litigation, all persons having received Confidential material shall certify to the producing parties that they have either: (i) returned all such Confidential material, all copies thereof, and all information derived therefrom to counsel for the party that produced it, or (ii) destroyed all such Confidential material, all copies thereof, and any information derived therefrom.    All Confidential materials returned to the Parties or their counsel by the Court shall be handled of in accordance with this paragraph.

12.     During the pendency of the Litigation, when any documents, discovery material or testimony is designated as Confidential material, any Party objecting to the designation of any discovery material or testimony as Confidential material shall first submit its objection to the designating party in writing through a letter, transmitted via hand-delivery, facsimile or electronic mail, to the Party or non-party or their counsel if the Party or non-party is represented

5

by counsel. The designating Party or non-party shall then have ten (10) days from its receipt of the written objection to either remove the designation or respond to the objection in writing through a letter, transmitted via facsimile or electronic mail, stating the reasons why it believes the designation shall remain. A failure to respond within the ten-day period shall be deemed as a refusal to remove the Confidential material designation. Completion of this process shall satisfy the Parties' good-faith obligation to resolve a dispute regarding a Confidential designation, and the Party objecting to such designation can then file a motion with this Court seeking to vacate the designation. Prior to a ruling by the Court on any such motion, the discovery material or testimony in question shall be treated as Confidential material pursuant to this Protective Order.

13.    This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the Parties and non-parties to this Litigation without involving the Court unnecessarily in the process. Nothing in this Protective Order nor the reproduction of any information or document under the terms of this Protective Order nor any proceedings pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by any Party or of altering the confidentiality or non-confidentiality of any such document or information or of altering any Party's existing obligation or the absence thereof.

14.    By stipulating to the Order, the Parties do not waive any applicable privileges, and reserve their right to contest any requests or subpoenas for documents or testimony and to assert such applicable privileges. The inadvertent production of any privileged or otherwise protected document, material or information should not be deemed a waiver or an impairment of any claim of privilege or protection. In the event of an inadvertent production of any document, material or information claimed to be protected by the attorney-client privilege, work product doctrine, and/or any other applicable protection or privilege, the following procedures shall be

6

followed. The designating Parties shall make written demand upon the receiving Party to return

such inadvertently produced documents, materials or information.   Upon demand by the

designating Party, the receiving Parties shall return all such documents, material or information

and any copies, duplications, extracts, and summaries thereof within a reasonable period of time,

not to exceed five business days, or in the alternative, seek an in camera review by the Court

within that same time period if the party disputes the designation of privilege or inadvertent

nature of the disclosure. Until such time as the Court renders its ruling, the material shall be kept

"Confidential" by all Parties pursuant to the terms of this Protective Order.

IT IS SO ORDERED.

_11/12/08_
Date

_Kathleen M. O'Malley_
Judge Kathleen M. O'Malley

STIPULTALATED AND AGREED TO:

/s/ Harold F. Farling
(Per written consent  11/9/08)
THOMAS G. KOVACH (OH #0047213)
HAROLD E. FARLING (OH #0055891)
KOVACH & FARLING CO., LPA
925 Leader Building
526 Superior Avenue East
Cleveland, Ohio  44114-1401
Telephone: (216) 357-3301
Facsimile:  (216) 357-3304
Email:  tkovach@kflpa.com
        hfarling@kflpa.com

Attorneys for Plaintiff,
Hugh P. Ruffing

/s/  L. Jason Blake
ANN E. KNUTH (OH #0061566)
L. JASON BLAKE (OH #0080320)
BENESCH FRIEDLANDER
    COPLAN & ARONOFF, LLP
200 Public Square, Suite 2300
Cleveland, OH  44114-2378
Telephone: (216) 363-4500
Facsimile:  (216) 363-4588
Email: aknuth@bfca.com
        jblake@bfca.com

Attorneys for Defendants,
Masterbuilt Tool & Die, LLC, Red Rock
Stamping, LLC, and Hawthorn Manufacturing
Corporation

7